NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID O'NEIL,<br><br>Plaintiff,<br><br>v.<br><br>EAST BRUNSWICK POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Civil Action No. 25-01478 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, ("IFP," ECF No. 1-2), filed by *pro se* Plaintiff David O'Neil ("Plaintiff"), along with a Complaint, ("Compl.," ECF No. 1). For the reasons set forth below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the Complaint without prejudice.

**I.     BACKGROUND**

    Plaintiff is seeking to enjoin the East Brunswick Police Department ("EBPD") and three of its officers, Lieutenant Rios, Sergeant Chiefo, and Sergeant Bauer, from committing alleged civil rights violations against Plaintiff. More specifically, Plaintiff alleges that in September 2023 an officer from the EBPD illegally entered Plaintiff's apartment and threatened him with arrest in connection with "a report that [Plaintiff] was trying to give over several days of continuing crime in [his] building and yard." (Compl. at 3.) After the alleged illegal entry, Defendant Sergeant Chiefo purportedly called Plaintiff and further threatened him with arrest and incarceration. (*Id.*) Plaintiff appears to claim that he was falsely arrested three times between September 2023 and January 2024, but that he "achieved a total vindication of those false arrests." (*Id.*)

Plaintiff also alleges that in June 2024 Defendant Sergeant Bauer "lied to a hospital representative in order to establish a coerced extrajudicial incarceration." (*Id.*) While the connection to the present Complaint is unclear, Plaintiff lists his injuries as "urinary tract infections," "medical malpractice injuries," "potential irreversible hand injury," and "endocrine stressor." (*Id.* at 4.)

Plaintiff sues in federal court under the Fourth Amendment and several abstract rights, such as the "rights of crime victims to be safe from harassment by police" and "right to be free of threats of extrajudicial incarceration."[1] (*Id.* at 2.) Plaintiff asks the Court to "enjoin the East Brunswick Police Department and all relevant members [and] employees from filing falsely sworn charges . . . and [to] enjoin[] against [the] abuse of authority in lying under color of law about [Plaintiff] to hospital personnel." (*Id.* at 4.)

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. (*See* IFP.) The application indicates Plaintiff has approximately $2,500 in monthly expenses between rent, food, clothing, laundry, and transportation. (IFP at 4–5.) His monthly income totals approximately $2,400 which he categorizes as "direct + indirect payment of rent + food." (*Id.* at 1.) He represents that he is unemployed and does not have any money in any bank accounts. (*Id.* at 2.) Plaintiff's only asset is a cellphone. (*Id.* at 3.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*,

---

[1] Construing the Complaint liberally, the Court presumes Plaintiff is attempting to bring constitutional claims pursuant to 42 U.S.C. 1983 ("Section 1983").

490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DISCUSSION

#### A. IN FORMA PAUPERIS APPLICATION

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)).

Plaintiff's *in forma pauperis* application indicates his monthly expenses are higher than his monthly income. (*See* IFP at 5 (monthly expenses totaling $2,500), *id.* at 1 (monthly income totaling $2,400).) The Court finds that this demonstrates that Plaintiff is unable to pay the $405 filing fee. Therefore, Plaintiff has pled his circumstances with sufficient particularity, and the Court **GRANTS** Plaintiff's *in forma pauperis* application.

B. REVIEW OF COMPLAINT

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Although Federal Rule of Civil Procedure ("Rule") 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

Because Defendants are differently situated in this matter, the Court addresses each in turn.

    i.    <u>The Officer Defendants</u>

The allegations against the individual officer Defendants in the Complaint are so bereft of detail as to fail under Rule 8 and Rule 12(b)(6). To start, the allegations against Defendant Lieutenant Rios amount to a single phrase in the "Relief" section of the Complaint whereby Plaintiff alleges he was "threatened spuriously and false [sic] again by this Lt. Rios . . ." (Compl.

4

at 4.) The totality of the allegations against Defendants Sergeant Chiefo and Sergeant Bauer are as follows:

> Sgt. Chiefo immediately (on the phone) began to suggest in a dishonest, sneering, sing-song voice that he was 'concerned about me' (the plaintiff). He threatened me with arrest after threatening me with extrajudicial incarceration. . . . By June of this year, Sgt. Bauer had put into action a deliberate, false, mendacious, color of law violation of my civil rights, to lie to a hospital representative in order to establish a coerced extrajudicial incarceration.

(*Id.* at 3.) These conclusory allegations do not pass muster under Rule 8 or Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.") Here, Plaintiff's allegations do not place any of the officer Defendants on notice as to what claims are being leveled against them or the grounds upon which the claims rest. *See Twombly*, 550 U.S. at 555 (requiring pleadings to "give the defendant fair notice" of the claims). The Complaint must be dismissed against the individual officer Defendants for failure to comply with the pleading requirements of Rule 8 and Rule 12(b)(6).

   ii. <u>East Brunswick Police Department</u>

Turning to the EBPD, a New Jersey municipal police department is not a proper entity for suit. "[A] city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part." *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014); *see also Michaels v. State of N.J.*, 955 F. Supp. 315, 317 n.1 (D.N.J. 1996) (finding city police department improper defendant as the department "lack[ed] a separate legal existence" from the city itself). With respect to Section 1983 claims, "the proper defendant is

5

therefore the municipality itself, not the police department." *Santa Maria v. City of Elizabeth (N.J.)*, No. 15-3243, 2015 WL 2414706, at *5 (D.N.J. May 20, 2015). This is reason enough to dismiss the Complaint against the EBPD.

However, even assuming Plaintiff sued the municipality of East Brunswick, Plaintiff may not hold a municipality liable for the constitutional violations of a police officer through a theory of *respondeat superior*. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must plead the elements of a *Monell* claim, which may proceed in two different ways. *See, e.g., Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019) (describing the two types of municipal liability). A plaintiff may either allege that an unconstitutional policy or custom of the municipality led to his or her injuries, *id.* at 798 (citing *Monell*, 436 U.S. at 694), or that his injuries were caused by a failure or inadequacy by the municipality that "reflects a deliberate or conscious choice," *see id.* (internal quotation marks omitted) (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)); see also *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (explaining that the second type of *Monell* claim involves failures to train, supervise, or discipline).

Plaintiff alleges neither. He alleges three discrete incidents: one involving an EBPD officer purportedly illegally entering his apartment in September 2023, one involving a call from Defendant Sergeant Chiefo threatening to arrest and incarcerate Plaintiff on an unknown date, and one involving Defendant Sergeant Bauer allegedly lying to a hospital representative to "establish a coerced extrajudicial incarceration" in June 2024.[2] (Compl. at 3.) He does not allege that these

---

[2] The Court notes that the Complaint contains other vague allegations that are difficult to make out, including that "N.B." threatened Plaintiff on February 24, 2025. (Compl. at 4.) However, Plaintiff does not allege the substance or context of N.B's purported threat. This retrospective, discrete threat appears to be the primary basis of Plaintiff's request for injunctive relief, but the allegations are so skeletal that it is likely Plaintiff does not have standing to pursue injunctive relief here. *See Kirkland v. Morgievich,* No. 04-1651,

6

actions occurred pursuant to an unconstitutional policy or custom of East Brunswick or that there was some overarching failure or inadequacy within East Brunswick that reflects a deliberate or conscious choice. *See Estate of Roman*, 914 F.3d at 798–99. Accordingly, the Complaint must be dismissed against the EBPD.

      **THEREFORE**, it is on this 21st day of March, 2025, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is **GRANTED**;

2. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);

3. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by filing an amended complaint;

4. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case, and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e);

5. The Summons shall not issue prior to the Court conducting a screening of the amended complaint pursuant to 28 U.S.C. § 1915(e);

6. The Clerk's Office is directed to **CLOSE** this matter; and

7. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

                                                                         **ROBERT KIRSCH**
                                                                         **UNITED STATES DISTRICT JUDGE**

---

2005 WL 3465669, at *3 (D.N.J. Dec. 19, 2005) ("[F]or standing based on prospective injunctive relief, a plaintiff must demonstrate a 'real and immediate threat' of injury").